UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KASON PARKER,

                            Plaintiff,

                -against-

THE STATE OF NEW YORK, COUNTY OF SUFFOLK,
SUFFOLK COUNTY SHERIFF'S OFFICE, Corrections
Division; JOHN DOE #1 (S.C.C.F. ESU Sargant #S-319);
JOHN DOE #2 (S.C.C.F. ESU Officer); JOHN DOE #3
(S.C.C.F Warden),

                         Defendants.
------------------------------------------------------------------X

**ORDER**
22-CV-3170(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

      On May 26, 2022, *pro se* plaintiff Kason Parker ("plaintiff") filed a complaint in this Court against the State of New York ("NY State"), the County of Suffolk ("Suffolk County"), the Suffolk County Sheriff's Office, Corrections Division ("Sheriff's Office"), the Warden of the Suffolk County Correctional Center ("Warden Franchi"),[1] and two unnamed corrections officers ("John Does #1 and #2" and collectively, "defendants") while incarcerated at the Suffolk County Correctional Facility ("the Jail"). *See* Docket Entry "DE" 1. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") together with the complaint. DE 2.

      Upon review, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, plaintiff's application to proceed IFP is granted. However, for the reasons that follow, plaintiff's claims against NY State and the Sheriff's Office are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's claims against Warden Franchi and Suffolk County are dismissed without

---

[1] Although plaintiff names the warden as "John Doe #3", pursuant to Federal Rule of Civil Procedure 17(d), the orders that Michael J. Franchi, the current Suffolk County Warden ("Warden Franchi"), be included as a defendant in place of the "John Doe #3" designation.

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff's remaining claims against John Doe #1 and John Doe #2 shall proceed.

## BACKGROUND

1. **Summary of the Complaint**[2]

*Pro se* plaintiff commenced this action by filing a complaint against the defendants using the Court's civil rights complaint form for actions brought pursuant to Section 1983. *See* Compl., DE 1 *generally*, and at 1. Plaintiff's brief submission alleges that he was assaulted at approximately 10:00 a.m. to 11:00 a.m. on February 25, 2022 at the Jail by John Does #1 and #2. *Id.* at 3-4. In its entirety, the complaint alleges:

> On the above date and time, I was maliciously, sadistically, unreasonably, intentionally, and excessively assaulted by John Doe #1 and John Doe #2 while being escorted from the security room in the lobby to the detention cell. John Doe #1 encouraged John Doe #2 to start bending my wrist and pulling back my thumb and fingers. I was in compliance and not refusing an escort. I was placed in the detention cell for about 45 minutes with my hands cuffed behind my back until 2 ESU officers and a sargeant came to get me out of the cell. Instead of letting me exit out the cell on my own, I was told to stand at the back of the cell and put my head on the wall, which I complied. The John Doe #2, along with another ESU officer, each grabbed my hands which were still cuffed, while John Doe #1 took my glasses off and punched me in my head twice and didn't return my glasses. After that, I was backed out of the cell and John Doe #2 continued to bend my thumb, pinky and wrist, inflicting pain while going into the elevator escorting me to the box. The whole time John Doe #2 was twisting my wrist and bending it back past its range of motion. Shortly after being placed in the box I began vomiting in my cell and feeling dizzy until I passed out. The housing officer walking his rounds noticed me passed out and notified other officers, lieutenants and doctors . . . who escorted me to medical on a stretcher. The officers told doctors I passed out and vomited. I was given medication and placed on medical watch where doctors checked on me every few hours to check my vitals and cognitive test. John Doe #1 and #2 tolerated and encouraged the behavior of malicious use of force. John Doe # 3 (warden) is responsible negligent investigation after I brought the

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> matter to his attention via grievance, in which he failed to remedy the wrong, was grossly negligent in supervising subordinates who committed wrongful acts and deliberately indifferent to my right by failing to act on information unconstitutional acts were occurring.  Suffolk County Sheriff Office, Corrections Div. responsible for actions by employees who acted under color of state and territorial law as well as the State of N.Y. and County of Suffolk.

*Id.* at 4, 7.  As a result, plaintiff alleges that he suffered torn ligaments and a sprain to his left wrist which caused him "pain and discomfort."  *Id*., ¶ II.A.  According to the complaint, plaintiff was examined, had x-rays and an MRI taken, and was prescribed a wrist brace and pain medication.  *Id.*  Plaintiff also claims that his vision has been impaired as a result of John Doe #1 taking and destroying his prescription eyeglasses.  *Id*.  As a result of the foregoing, plaintiff seeks to recover a damages award in the sum of "$100,000 for past, present, and future pain from injuries to my wrist, pain and suffering I've endured for my medical glasses taken and destroyed, thus impairing my vision."  *Id.* at 5, ¶ III.  Plaintiff also seeks an unspecified sum in punitive damages.  *Id.*

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

1. *In Forma Pauperis*

Upon review of the IFP application, the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee.  Therefore, the application to proceed IFP is granted.

2. **Sufficiency of the Pleadings**

As Judge Bianco summarized,

3

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

4

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*. The Court analyzes plaintiff's Section 1983 claims below.

1. **The Eleventh Amendment**

It is well-established that:

> "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration and quotation marks omitted). "New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983." *Dubarry v. Capra*, No. 21-CV-5487, 2021 WL 3604756, at *1 (S.D.N.Y. Aug. 13, 2021) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977)).

*Murphy v. Spaulding*, No. 20-CV-9013 (KMK), 2022 WL 294552, at *4 (S.D.N.Y. Feb. 1, 2022); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Given that New York state has not waived its Eleventh Amendment immunity, plaintiff's Section 1983 claims against NY State are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

2. **Lack of Personal Involvement**

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir.

2010) (internal quotations marks omitted). "[B]ald assertions and conclusions of law" are insufficient to establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, an individual will not be held liable by virtue of his or her supervisory position alone. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

    Here, although plaintiff names Warden Franchi as a defendant, the sparse allegations against him seek to impose liability against him given the supervisory position he holds. Indeed, plaintiff alleges, in conclusory fashion, that Warden Franchi "was grossly negligent in supervising subordinates who committed wrongful acts. . . ." DE 1 at 6. Further, insofar as plaintiff complains that he "brought this matter to [Warden Franchi's] attention via grievance, in which he failed to remedy the wrong", such allegation, standing alone, is insufficient to render plaintiff's Section 1983 claim against Warden Franchi plausible. *See Andrews v. Gates*, No. 3:17-CV-1233 (SRU), 2019 WL 2930063, at *8 ("Although [plaintiff] notified each [prison official] after the assault, notice after the fact of an isolated incident is insufficient to establish supervisory liability."); *see also Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) ("After the fact notice of a violation of an inmate's rights is insufficient to establish a supervisor's liability for the violation."). Accordingly, in the absence of any alleged personal involvement by Warden

6

Franchi, plaintiff has not set forth a plausible Section 1983 claim against him. Thus, plaintiff's claim against Warden Franchi is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

3. **Claims Against the Sheriff's Office**

Plaintiff has named the Sheriff's Office as a defendant. However, the Sheriff's Office is an administrative arm of the municipality, Suffolk County, with no independent legal identity. *See, e.g., Mallahan v. Suffolk County Sheriff's Off.*, No. 18-CV-4316(JS)(GRB), 2018 WL 4100499, at *2 (E.D.N.Y. Aug. 28, 2018) (dismissing Section 1983 claim against the Sheriff's Office as implausible because it lacks an independent identity to be sued) (citing *Trahan v. Suffolk Cty. Corr. Fac.*, 12-CV-4353(JMA)(ARL), 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity.") (additional citation omitted). It is well-established that "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002) (citing cases). Accordingly, plaintiff's claims against the Sheriff's Office are implausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4. **Claims Against Suffolk County**

Plaintiff has also named Suffolk County as a defendant. A municipal entity, such as Suffolk County, may be held liable under Section 1983 where the plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell v.*

7

*Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (emphasizing that the municipal policy must be the "moving force of the constitutional violation"). To allege a Section 1983 claim against a municipality, a plaintiff must allege plausible facts to suggest that the deprivation of his rights under federal law is caused by a governmental custom, policy, or usage of the municipality. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Monell*, 436 U.S. at 690-91.

Plaintiff's complaint is devoid of any such facts. *See* Compl., DE 1, *generally*. Nor are there any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by or undertaken pursuant to a policy or custom of Suffolk County. Accordingly, since plaintiff has failed to state a claim for municipal liability, plaintiff's claims against Suffolk County are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5. **Claims Against John Doe #1 and John Doe #2**

At this early stage in the proceedings, the Court declines to *sua sponte* dismiss plaintiff's Section 1983 claims against the unidentified Suffolk County corrections officers who are alleged to have assaulted plaintiff on the morning of February 25, 2022 in the North Lobby of the Riverhead Facility's detention cells. Accordingly, the Court orders service of the summonses and the complaint upon these defendants by the United States Marshal Service ("USMS"). However, the USMS will not be able to serve these individuals without additional information.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), the Court requests that the Suffolk County Attorney ascertain the full name and service address of the unnamed individuals described in the complaint as the "ESU Sergeant #S-319" and "ESU

8

Officer (tattoo left forearm MOΛΩON ΛΛBF)" and who are alleged to have interacted with plaintiff at the date, time, and location described in the complaint. DE 1 at 3-4. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address where such defendants can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin. Once the information is provided to the Court by the Suffolk County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendants, summonses shall be issued, and the USMS shall effect service.

## CONCLUSION

Based on the foregoing, plaintiff's application to proceed IFP is granted. However, the claims against NY State and the Sheriff's Office are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's claims against Warden Franchi and Suffolk County are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff's remaining claims against John Doe #1 and John Doe #2 shall proceed.

Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address where such defendants can be served to the Court and to plaintiff within thirty (30)

days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendants, summonses shall be issued, and the USMS shall effect service.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to serve a copy of this order to plaintiff at his address of record and to the Suffolk County Attorney's Office and to note such service on the docket.

**SO ORDERED**.

/s/ Gary R. Brown

_____

**Hon. Gary R. Brown**
**United States District Judge**

Dated:  July 1, 2022
Central Islip, New York